Gena L. Sluga, SBN 018633
Amanda J. Taylor, SBN 024006
Christian Dichter & Sluga, P.C.
2800 N. Central Avenue, Suite 860
Phoenix, AZ 85004
Tel: (602) 792-1700
Fax: (602) 792-1710
gsluga@cdslawfirm.com
ataylor@cdslawfirm.com
*Attorneys for American Property Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| American Property Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Preferred Reports, LLC, Mark Fortuna, Randy Patrick, John Doe 1-5,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Negligence, Respondeat Superior, Breach of Contract, Negligent Misrepresentation, Intentional Misrepresentation)** |

Plaintiff American Property Insurance Company, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff American Property Insurance Company [hereinafter "American Property"] is an insurance company with a principal place of business located at 4 Industrial Way West, Suite 102, Eatontown, New Jersey.

2. Hallcraft Villas Mesa Townhouse Association [hereinafter "Hallcraft"] owns/owned a property located at 600 South Dobson Road in Mesa, Arizona [hereinafter, "the Hallcraft Property"].

3. Hallcraft was, as of the subject date of loss of December 7, 2019, the named insured under a policy of insurance issued by Plaintiff American Property that provided coverage with respect to the Hallcraft Property.

1

4. Defendant Preferred Reports LLC [hereinafter "Preferred Reports"], based upon information and belief, is a corporation engaged in the business of conducting inspections and surveys of properties and maintains and/or maintained a principal place of business with a mailing address of 102 Asma Boulevard, Suite 402, Lafeyette, LA 70508.

5. Defendant Mark Fortuna, based upon information and belief, is an individual and an agent, servant, employee, manager and/or owner of Defendant Preferred Reports who maintains and/or maintained a principal place of business with a mailing address of 102 Asma Boulevard, Suite 402, Lafayette, LA 70508.

6. Defendant Randy Patrick, based upon information and belief, is an individual and an agent, servant, employee, manager and/or owner of Defendant Preferred Reports who maintains and/or maintained a principal place of business with a mailing address of 102 Asma Boulevard, Suite 402, Lafayette, LA 70508.

7. Defendants John Doe 1-5 represent agent(s), servant(s), employee(s), manager(s) and/or owner(s) of Defendant Preferred Reports whose identit(ies) or wrongful activities are presently unknown.

8. This Court has jurisdiction pursuant to 28 U.S.C §§ 1332, because a controversy between citizens of different states exists and the amount in controversy exceeds $75,000.00.

9. Venue is proper under 28 U.S.C § 1391, because the events giving rise to the action occurred in the District of Arizona.

**GENERAL ALLEGATIONS**

10. Plaintiff American Property hired Defendant Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5 to conduct an inspection and survey of the Hallcraft Property to evaluate the condition and insurability of the Hallcraft Property.

11. Defendants' evaluation of the Hallcraft Property was to include inspections of the property's mechanicals, which consisted of, among other items, electrical components and wiring material.

12. After conducting the inspection and survey of the Hallcraft Property, Defendants issued a report about the Hallcraft Property to Plaintiff American Property.

13. Defendants erroneously reported that the wiring material at the Hallcraft Property was made from copper.

14. The Hallcraft Property's wiring material was aluminum.

15. Plaintiff American Property issued property insurance to Hallcraft with effective dates August 15, 2019 through August 15, 2020 subject to certain terms and conditions, including a satisfactory inspection and survey of the Hallcraft Property.

16. Plaintiff American Property reasonably relied upon Defendants' report in continuing to insure the Hallcraft Property and would have rescinded the policy to Hallcraft had it known the property contained aluminum wiring.

17. On or around December 7, 2019, a fire occurred at the Hallcraft Property causing property damage thereto.

18. The cause of the fire was later determined to be the aluminum wiring at the Hallcraft Property.

19. Hallcraft submitted an insurance claim to Plaintiff American Property under the insurance policy Plaintiff American Property issued to Hallcraft for damages sustained as a result of the fire at the Hallcraft Property.

20. Pursuant to the insurance policy issued by Plaintiff American Property to Hallcraft, Plaintiff American Property has paid and/or will pay monies in connection with the claim presented by Hallcraft.

/ / /

/ / /

/ / /

**COUNT ONE**

**(Negligence - All Defendants)**

21. Plaintiff American Property incorporates by reference and realleges each and every allegation as set forth above.

22. Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5 owed a legal duty to exercise reasonable care with respect to conducting their inspection and survey of the Hallcraft Property and issuing the report regarding the inspection and survey to Plaintiff American Property.

23. At all relevant times, Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Does 1-5 breached their duty to exercise reasonable care and were otherwise negligent in conducting their inspection and survey at and issuing a report regarding the Hallcraft Property.

24. As a direct and proximate result of the negligence and breach by Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Does 1-5 of their duty to exercise reasonable care in conducting their inspection and survey at and issuing a report regarding the condition of Hallcraft Property, Plaintiff American Property has sustained damages and other losses in an amount to be proven at trial.

25. Plaintiff American Property has the right to recover its damages from all liable parties, including, but not necessarily limited to, Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5.

**COUNT TWO**

**(Respondeat Superior – Defendant Preferred Reports)**

26. Plaintiff American Property incorporates by reference and realleges each and every allegation as set forth above.

27. Defendants Mark Fortuna, Randy Patrick, and/or Defendants John Doe 1-5 were agents, servants, employees, managers and/or owners of Defendant Preferred

Reports and were acting in furtherance of Defendant Preferred Reports' business at all relevant times.

28. Defendant Preferred Reports is responsible for the actions of its agents, servants, employees, managers and/or owners, including Mark Fortuna, Randy Patrick, and/or Defendants John Doe 1-5.

29. Defendants Mark Fortuna, Randy Patrick, and/or Defendants John Doe 1-5 were authorized to and did conduct an inspection and survey at the Hallcraft Property and issue a report regarding the results of the inspection and survey to Plaintiff American Property on behalf of Defendant Preferred Reports.

30. The inspection and survey of and report issued regarding the Hallcraft Property was the type of act Defendants Mark Fortuna, Randy Patrick, and/or Defendants John Doe 1-5 were employed/ authorized to perform for Defendant Preferred Reports.

31. Defendant Preferred Reports had a right to and did control the acts of Mark Fortuna, Randy Patrick, and/or Defendants John Doe 1-5 at all relevant times in connection with the inspection and survey of the Hallcraft Property and the report issued related to the Hallcraft Property.

32. The survey of and report issued regarding the Hallcraft Property were performed at least in part to serve Defendant Preferred Reports and fulfill its obligation to Plaintiff American Property.

33. Defendants Mark Fortuna, Randy Patrick, and/or John Doe 1-5 owed a legal duty to exercise reasonable care in their operation of the business activities of Defendant Preferred Reports.

34. At all relevant times, Defendants Mark Fortuna, Randy Patrick, and/or John Doe 1-5 breached their duty to exercise reasonable care and were otherwise negligent in the operation of the business activities of Defendant Preferred Reports in connection with the inspection and survey of Hallcraft Property and issuance of the report to Plaintiff American Property.

35. As a direct and proximate result of the negligence and breach by Defendants Mark Fortuna, Randy Patrick, and/or John Doe 1-5 of their duty to exercise reasonable care in the operation of the business activities of Defendant Preferred Reports, Plaintiff American Property has sustained damages and other losses.

36. Defendant Preferred Reports is vicariously liable under the doctrine of respondeat superior for the negligence of its agent(s), servant(s), employee(s), manager(s) and/or owner(s), including, but not limited to, Defendants Mark Fortuna, Randy Patrick, and/or John Doe 1-5.

## COUNT THREE

**(Breach of Contract - All Defendants)**

37. Plaintiff American Property incorporates by reference and realleges each and every allegation as set forth above.

38. Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5 entered into an agreement [hereinafter "the Agreement"], whether written or oral in nature, with Plaintiff American Property and were governed by the terms and conditions of same throughout all relevant times and on the date of the subject loss.

39. Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5 owed a legal duty with respect to the compliance with the terms and conditions of the Agreement.

40. Pursuant to the terms and conditions of the Agreement, Defendant Preferred Reports and its agents, servants, employees, managers and/or owners, to include Mark Fortuna, Randy Patrick, and/or John Doe 1-5, were required to inspect the Hallcraft Property and assess the insurance risk, which included inspecting and assessing the mechanicals of the building.

41. Upon information and belief, Defendants did not inspect the electrical wiring at the Hallcraft Property as required by the Agreement.

42. Defendants falsely reported to Plaintiff American Property that the Hallcraft Property contained copper wiring when it really contained aluminum wiring.

43. Defendant Preferred Reports, Mark Fortuna, Randy Patrick, and/or John Doe 1-5 breached the terms and conditions of the Agreement at all relevant times and on the date of the subject loss.

44. As a direct and proximate result of the breach of the terms and conditions of the Agreement, Plaintiff American Property has sustained damages and other losses in connection with the fire at Hallcraft Property and the subsequent damage claim Hallcraft submitted to Plaintiff American Property in an amount to be proven at trial.

45. Because this action arises out of contract, Plaintiff American Property is entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

**COUNT FOUR**

**(Negligent Misrepresentation – All Defendants)**

46. Plaintiff American Property incorporates by reference and realleges each and every allegation as set forth above.

47. Defendants falsely represented a material fact with respect to the materials utilized within the electrical system at the Hallcraft Property with the intention or knowledge that Plaintiff American Property would reasonably rely upon same.

48. Defendants failed to exercise reasonable care in obtaining information about the materials utilized within the electrical system at the Hallcraft Property.

49. Plaintiff American Property reasonably expected Defendants to inspect and survey the electrical system at the Hallcraft Property before reporting information about the materials utilized therein.

50. Upon information and belief, Defendants did not inspect and survey the Hallcraft Property electrical system to determine its component materials.

51. Defendants represented to American Property that the Hallcraft Property's electrical system was composed of copper wiring.

52. Plaintiff American Property did reasonably rely upon Defendants' representations.

53. As a result of Defendants' false representation regarding materials utilized within the electrical system at the Hallcraft Property, Plaintiff American Property provided a policy of insurance to Hallcraft which included first-party coverage relative to the Hallcraft Property.

54. Plaintiff American Property would not have provided insurance coverage for the Hallcraft Property had Plaintiff American Property been correctly advised of the materials utilized within the electrical system.

55. As a result of Defendants' false representation regarding the materials utilized within the electrical system at the Hallcraft Property, Plaintiff American Property has sustained damages and other losses in an amount to be proven at trial.

56. Plaintiff American Property is also seeking punitive damages relating to this claim.

## COUNT FIVE

### (Intentional Misrepresentation – All Defendants)

57. Plaintiff American Property incorporates by reference and realleges each and every allegation as set forth above.

58. Defendants knowingly falsely represented a material fact with respect to the materials utilized within the electrical system at the Hallcraft Property or were ignorant of the falsity of the misrepresentation.

59. Defendants intended that Plaintiff American Property would reasonably rely upon the representation regarding the materials utilized within Hallcraft Property's electrical system to determine the insurability of the property.

60. At all relevant times, Plaintiff American Property did not know that Defendants' misrepresentation that the electrical wiring at the Hallcraft Property was copper was false.

61. Plaintiff American Property relied upon the truth of Defendants' representations about the materials utilized within the Hallcraft Property's electrical system and had a right to rely upon Defendants' representations based upon the terms of the Agreement and the business relationship between Plaintiff American Property and Defendants.

62. As a result of Defendants' knowingly or ignorant misrepresentations with the intent for Plaintiff American Property to rely thereon, and Plaintiff American Property's reasonable reliance upon same, Plaintiff American Property provided a policy of insurance to Hallcraft which included first-party coverage relative to the Hallcraft Property.

63. Plaintiff American Property would not have provided insurance coverage for the Hallcraft Property had Plaintiff American Property been correctly advised of the materials utilized within the electrical system.

64. As a result of Defendants' knowingly or ignorant misrepresentation regarding the materials utilized within the electrical system at the Hallcraft Property, Plaintiff American Property has sustained damages and other losses in an amount to be proven at trial.

65. Plaintiff American Property is also seeking punitive damages relating to this claim.

## DEMAND FOR JURY TRIAL

66. Plaintiff American Property demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Property requests the following relief as against Defendants Preferred Reports, Mark Fortuna, Randy Patrick, and John Doe 1-5:

A. Full damages to be determined at trial;

B. Punitive damages;

C. Attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Taxable costs pursuant to A.R.S. § 12-341;

E. Statutory and any other applicable interest to the extent provided by law; and

F. Such other relief as the Court deems just and proper.

Respectfully Submitted December 7, 2021,

By: */s/ Gena L. Sluga*
Gena L. Sluga
Amanda J. Taylor
Christian, Dichter & Sluga, P.C.
2800 N. Central Avenue, Suite 860
Phoenix, AZ 85004
*Attorneys for American Property Insurance Company*